### In re: The Matter of REINSTATEMENT OF Linda A. LEAF, Petitioner.

No. 93–MISC–59.

United States District Court, E.D. Wisconsin.

April 22, 1994.

Charles L. Ollivier, Waukegan, IL, for petitioner.

Warren D. Weinstein, Asst. Atty. Gen., Dept. of Justice, Madison, WI, for Bd. of Attys. Professional Responsibility.

## DECISION AND ORDER

RANDA, District Judge.

Petitioner, Linda A. Leaf ("Leaf"), moves this Court to reconsider its decision denying her petition for reinstatement to practice before this Court. Leaf's initial argument for reinstatement was, as stated in the Court's prior order,

> ... one that falls, if it falls at all, under the third condition cited in *Selling, i.e.,* that a "grave reason" exists for this Court not to give effect to the order of the Wisconsin Supreme Court.[1]

(Decision and Order dated March 1, 1994 at 7.) The Court concluded that the Wisconsin Supreme Court's decisions on disciplinary matters are given "great deference" and the Supreme Court's refusal to reinstate Leaf solely because of her failure to comply with an order of that court to pay costs was not a "grave reason" to disregard its decision. The Court also commented in a footnote that, from the record before it, Leaf had "ample notice and opportunity to be heard" and did not argue "that there was an infirmity of proof as to the facts found."

 Leaf argues that the Court erred in stating that she did not raise any "due process" or "infirmity of proof" arguments in support of her petition for reinstatement. Leaf claims she expressly reserved such arguments until the Court first decided whether or not she must pay the costs assessed against her by the Wisconsin Supreme Court before gaining reinstatement to practice before this Court. Having thus reserved the right to so argue, Leaf further claims that the U.S. Supreme Court's decision in *Selling* requires the Court to conduct a full evidentiary hearing on the issues of "due process" and "infirmity of proof" before denying her petition.

 Leaf misconstrues *Selling. Selling* does not automatically require an evidentiary hearing on such issues. In fact, in the vast majority of cases, *Selling* requires federal courts to accept a state court's determination of a lawyer's fitness to practice law as dispositive of the lawyer's fitness to practice before the federal courts. The presumption is against any independent review of the underlying state court disciplinary proceedings:

> Meeting this situation, we are of the opinion that, on the case presented, our duty is not to review the action of the state court of last resort,—a power which we do not possess,—but wholly to abdicate our own functions by treating its judgment as the thing adjudged, excluding all inquiry on our part, and yet not, in considering the right of one to continue to be a member of the Bar of this court, to shut our eyes to the status, as it were, of unworthiness to be such a member which the judgment must be treated as having established, *unless for some reason we deem that consequence should not now be accepted.*

*Selling,* 243 U.S. at 50, 37 S.Ct. at 378. (Emphasis ours.) The only time a federal court is compelled to independently consider the fitness issue is when, upon "intrinsic consideration of the state record", the court finds one of the following deficiencies:

> 1. That the state procedure, from want of notice or opportunity to be heard, was wanting in due process; 2, that there was such an infirmity of proof as to facts found to have established the want of fair private and professional character as to give rise to a *clear conviction* on our part that we could not, consistent with our duty, accept as final the conclusion on that subject; or 3, that some other grave reason existed which should convince us that to allow the natural consequences of the judgment to have their effect would conflict with the duty which rests upon us not to disbar except upon the conviction that, under the

---

**1.** The Court in its decision referenced *Selling v. Radford,* 243 U.S. 46, 37 S.Ct. 377; 61 L.Ed. 585. *Selling* outlined three conditions under which a federal court might reject the judgment of the state court. First a lack of due process because of a "want of notice or opportunity to be heard." Second, that there was "an infirmity of proof as to facts found." Third, a "grave reason" existed to disregard the judgment.

principles of right and justice, we were constrained so to do.

*Id.,* at 51, 37 S.Ct. at 379. (Emphasis ours.) Obviously, "an intrinsic consideration of the state record" cannot mean that a federal court is compelled to review the *entire* record of the state court proceedings, including complete hearing transcripts, pre-trial motions, discovery proceedings, etc., before deciding whether fresh consideration of the fitness issue is warranted. Such would nullify *Selling*'s presumption against full-scale federal review of state court disciplinary proceedings. Rather the Court, exercising that discretion inherent in disciplinary matters, must simply review that much of the record necessary to satisfy itself that the three *Selling* exceptions either do or do not apply. In a typical case (and as was ultimately ordered in *Selling*) the Court will be aided in this analysis by briefs submitted by the parties which contain or reference those portions of the state court record which they consider pertinent. That is the case here. Leaf submitted a 35–page brief outlining various "examples" of how the state court disciplinary proceedings failed to provide due process and failed to evince sufficient proof of misconduct. Most (if not all) of the issues and objections raised therein were raised by Leaf on appeal to the Wisconsin Supreme Court, and again in proceedings before another branch of this Court and the 7th Circuit in an effort to have the state proceedings nullified. *See generally, In Matter of Disciplinary Proceedings Against Linda A. Leaf,* 164 Wis.2d 458, 476 N.W.2d 13 (1991); *Leaf v. Supreme Court of State of Wisconsin,* 979 F.2d 589 (7th Cir. 1992). Leaf recasts old arguments in the language of *Selling* to suit the purposes of her present petition. As previously stated, a petition for reinstatement does not require a point-by-point appeal of a state court disciplinary proceeding, and a review of those proceedings by this Court is sufficient if it reaches a point where confidence is established in the outcome.

■ Review of these proceedings, the proceedings in related cases, and the parties' submissions, including Leaf's objections, do not lead the Court to the "clear conviction"— or even a slight suspicion—that the state court proceedings were so devoid of due process, or so devoid of sufficient proof, that this Court cannot "accept as final the [state court's] conclusion" on Leaf's fitness to practice. The Court's review has reached that point where it is confident in the outcome and satisfied that Leaf's suspension was consistent with "principles of right and justice". Given this finding, and the Court's prior finding that "other grave reasons" warranting reconsideration do not exist, Leaf's motion cannot stand.

NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

1. Leaf's motion for reconsideration is DENIED.

SO ORDERED.