**In re the Matter of REINSTATEMENT of Linda A. LEAF, Petitioner–Appellant.**

**No. 94–2181.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 24, 1994.

Decided Nov. 23, 1994.

---

Charles L. Ollivier, Waukegan, IL (argued), for Linda A. Leaf.

Warren D. Weinstein, Asst. Atty. Gen. (argued), Wisconsin Dept. of Justice, Madison, WI, for Wisconsin Bd. of Attys. Professional Responsibility.

Before POSNER, Chief Judge, and BAUER, Circuit Judge, and WILL, District Judge.*

WILL, District Judge.

On November 18, 1991, Linda A. Leaf's license to practice law in Wisconsin was suspended for six months. As a result, Leaf also was suspended from practice before the Eastern District of Wisconsin. Two years later Leaf filed a petition for reinstatement to practice before the federal bar, which the district court denied. She appeals this decision. We affirm.

## BACKGROUND

In 1991, the Wisconsin Supreme Court suspended Leaf's license for six months, finding that Leaf had engaged in professional misconduct.[1] In addition to the six month suspension, the court also issued an order assessing costs in the amount of $31,396.16. Pursuant to this order, Leaf was directed to pay the costs within sixty days or demonstrate her inability to pay. Leaf did not comply with this order. Instead, approximately six months later, Leaf filed a petition for reinstatement with the Wisconsin Supreme Court. In the petition, she noted that she had complied with all of the terms of the suspension, except she had not paid the costs "due to her inability to acquire (earn or borrow) the required amount." Thereafter, the court ordered that Leaf demonstrate her inability to pay costs. After Leaf failed to provide information about her financial situation, the court ordered that the petition for reinstatement be held in abeyance until Leaf complied with the terms of the suspension order.

Although Leaf eventually submitted a financial statement to the Board of Attorneys Professional Responsibility ("BAPR"), the BAPR considered the information incomplete and requested additional information. Leaf submitted a response, but after finding the answers incomplete, the BAPR sent a letter to Leaf requesting more information. Leaf never responded to that letter. As a result, her petition for reinstatement has not been considered further by the Wisconsin Supreme Court and she remains suspended from the Wisconsin bar. As of oral argument, Leaf had not paid the costs, nor had she demonstrated her inability to pay.

When Leaf was suspended from the Wisconsin bar, she was also suspended from the Eastern District of Wisconsin pursuant to Local Rule 2.05(b). Local Rule 2.05(b) provides in relevant part:

> Notwithstanding the provisions of subparagraph (a), upon learning that any attorney admitted to practice in this court has been disbarred or suspended from practice (other than for the nonpayment of dues) by the highest court of any state in which the attorney is licensed, the court shall suspend the attorney from practice before this court. The attorney shall thereupon be afforded a hearing as to reinstatement within thirty (30) days from the date of mailing of a notice of suspension and of the provisions of this rule.

In November 1993, Leaf brought a petition for reinstatement to practice before the Eastern District of Wisconsin. In her petition, she stated that she had complied with the terms of her state suspension, except for paying the costs, and did not owe any costs to the federal bar. Therefore, she asserted that "[n]o just cause exists for her continued suspension" from the federal bar.

---

* The Honorable Hubert L. Will, District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

1. For a detailed discussion, see *In the Matter of Disciplinary Proceedings Against Linda A. Leaf*, 164 Wis.2d 458, 476 N.W.2d 13 (Wis.1991).

After holding a hearing, the district court denied Leaf's petition. The court recognized that ordinarily it was required to give great deference to the disciplinary proceedings of a state. However, the court also noted that the Supreme Court in *Selling v. Radford*, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585 (1917), listed three conditions under which a federal court could admit an attorney to practice despite a state court judgment to the contrary. These conditions are present when: 1) the state procedure is wanting in due process due to a lack of notice or opportunity to be heard; 2) the facts found suffer from an infirmity of proof; or 3) "some other grave reason" exists to allow admission of the attorney to the federal bar. *Id.* at 51, 37 S.Ct. at 379.

Leaf argued that because her failure to pay the costs did not bear a relation to her fitness to practice law, there was no serious reason why she remained suspended from the Wisconsin bar, and thus a grave reason existed for her readmission into the federal bar. The district court rejected this argument, finding that Leaf's non-compliance with an order of the Supreme Court of Wisconsin was not the type of "non-serious, non-grave matter, which does not cast doubt upon her fitness to practice before this Court."

Leaf then filed a petition for reconsideration. Apparently, Leaf had expressly reserved any due process or infirmity of proof arguments pending the court's determination of the cost issue. She presented these arguments in her petition for reconsideration. In this petition, she also claimed that, based on the Court's decision in *Selling*, the court was required to conduct a full evidentiary hearing on the issues of due process and infirmity of proof before denying her petition.

The district court denied the motion for reconsideration and the request for a hearing. The court stated that Leaf had misconstrued *Selling* because that decision does not automatically require an evidentiary hearing. In addition, the court noted that Leaf had presented essentially the same arguments to the Wisconsin Supreme Court and the Seventh Circuit in prior cases. *See Leaf*, 164 Wis.2d at 458, 476 N.W.2d 13; *Leaf v. Supreme Court of the State of Wisconsin*, 979 F.2d 589 (7th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2417, 124 L.Ed.2d 639 (1993). The court concluded that

[r]eview of these proceedings, the proceedings in related cases, and the parties' submissions, including Leaf's objections, do not lead the Court to the "clear conviction"—or even a slight suspicion—that the state court proceedings were so devoid of due process, or so devoid of sufficient proof, that this Court cannot "accept as final the [state court's] conclusion" on Leaf's fitness to practice. The Court's review has reached that point where it is confident in the outcome and satisfied that Leaf's suspension was consistent with "principles of right and justice."

*In re The Matter of Reinstatement of Leaf*, 849 F.Supp. 1284, 1287 (E.D.Wis.1994). Leaf then brought this appeal.

## DISCUSSION

On appeal, Leaf first argues that the district court erred by violating the terms of Local Rule 2.05. Leaf agrees that the Eastern District of Wisconsin's Local Rule 2.05(b) requires the Eastern District to suspend an attorney from practicing before it upon learning that the attorney has been suspended from practice by the highest court of any state in which the attorney is licensed. Leaf contends, however, that she has served her six month suspension in state court and the only reason she remains suspended is because of her failure to pay costs. She states that "[t]he order for her federal bar suspension was specifically for six months and no conditions for reinstatement were imposed. The six months having past two years ago, she has met the requirements of the federal suspension."

In making this argument, Leaf relies heavily on the language of Rule 2.05(a), which states in relevant part:

The standards of conduct of the members of the bar of this court ... shall be those prescribed by the Rules of Professional Conduct for Attorneys, SCR:20:1.1–8.5, as such may be adopted from time to time by the Supreme Court of Wisconsin and except as such may be modified by this court. After notice and opportunity to be heard,

284

any member of the bar of this court who violates such standards of conduct may be disbarred from practice before this court, suspended from practice for a definite time, reprimanded, or subject to such other discipline as the court may deem proper. This section is not a restriction on the court's contempt power.

Leaf argues that because the rule provides for suspension from practice "for a definite time," the district court's failure to reinstate her violates the provisions of this rule. However, Rule 2.05(a) applies to the district court's own disciplinary actions, not disbarment or suspension based on state court proceedings.

■ Suspension based on state court proceedings is governed by Rule 2.05(b), which provides that the district court *shall* suspend an attorney from practice upon learning of that attorney's disbarment or suspension by a state's highest court. Rule 2.05(b) does not mention suspension for a definite time, as does Rule 2.05(a), and applies "notwithstanding the provisions of subparagraph (a)." Therefore, a plain reading of Rule 2.05(b) indicates that once an attorney has been suspended by a state's highest court, that attorney must also be suspended from the federal bar, regardless of the length of the suspension. Thus, under Rule 2.05(b), the district court was compelled to suspend Leaf's license so long as she was suspended by the Wisconsin Supreme Court.

■ However, the federal courts have long recognized that the state and federal judicial systems have autonomous control over the conduct of their officers, lawyers included. As a result, disbarment by federal courts does not automatically flow from disbarment by state courts. See *Theard v. United States,* 354 U.S. 278, 281, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342 (1957). Nonetheless, this Circuit has held that "state disbarment proceedings are entitled to great weight and should be relied upon" unless one of the conditions listed in *Selling* is present. *See In the Matter of Jafree,* 759 F.2d 604 (7th Cir.1985).

In her brief, Leaf contends that the district court was in error because it did not specifically address the merits of her due process and infirmity of proof arguments. Leaf argues that her state disciplinary proceeding was without fair notice, without due process, and constitutionally flawed, and therefore the district court should not have given weight to her state suspension. Leaf then presents well over 20 pages of detailed factual recitations which allegedly support her position.

■ Leaf's approach is materially flawed, however, because at present Leaf remains suspended from the Wisconsin bar only for her failure to comply with the Wisconsin Supreme Court's order. Leaf contends that she cannot afford to pay the costs assessed against her, but the Wisconsin Supreme Court has given Leaf several opportunities to establish her inability to pay and she has failed to provide sufficient documentation. Thus, at this point, Leaf is not suspended because of any flaws in the disciplinary proceedings, but because she has failed to provide financial information as ordered by the Wisconsin Supreme Court. Until she pays the costs or demonstrates her inability to pay them, the Wisconsin Supreme Court has legitimate grounds for her continued suspension from the bar.

Of course, if the original suspension proceedings failed to give Leaf adequate notice or an opportunity to be heard, or suffered from an infirmity of the proof, we might question the legitimacy of the assessed costs. But regardless of their legitimacy, we are troubled by Leaf's method of avoiding the payment of costs. If Leaf truly cannot afford to pay the costs, she should have provided the information necessary to make that determination. But she has not, in direct violation of a court order. If Leaf can pay the costs, but is protesting the costs because of her dissatisfaction with the court proceedings, violation of a court order simply is not an appropriate way for an attorney to protest a court's decision.

Regardless of the reasons for her noncompliance with the Wisconsin Supreme Court's order, her failure to comply leaves us with serious concerns about her fitness to practice before the federal bar. We agree with the district court that the state court

proceedings did not suffer from a lack of due process or an infirmity of proof. But that is almost beside the point, because the overwhelming reason that Leaf remains suspended from the Wisconsin bar is her failure to comply with the Wisconsin Supreme Court's orders. The district court correctly denied her petition for reinstatement to the federal bar.

## CONCLUSION

For the foregoing reasons, the district court's decision is AFFIRMED.