108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Richard RHEINSTROM, Plaintiff-Appellant.
 No. 96-2561.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 4, 1997.*
Decided March 4, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 The Supreme Court of Illinois suspended Richard Rheinstrom from the practice of law for three years. Subsequently, the Executive Committee of the United States District Court for the Northern District of Illinois ordered Rheinstrom to submit reasons why it should not impose a reciprocal suspension. After receiving Rheinstrom's response, the Executive Committee suspended him from its bar for three years. Rheinstrom appeals.
 
 
 2
 Rheinstrom's appellate brief appears to be a photocopy of his submission in response to the Executive Committee's order. He argues that the order of the Supreme Court of Illinois is invalid because 1) it rested solely upon hearsay evidence, 2) his right to confront the complainants was violated, 3) the Hearing Board failed to prove intent to deceive in his making incorrect assertions during the disciplinary proceeding, and 4) the Supreme Court of Illinois is constituted in violation of the Voting Rights Act and thus its determinations are invalid.
 
 
 3
 If Rheinstrom is attempting to attack the Supreme Court of Illinois's decision in federal court, our review is foreclosed by the Rooker-Feldman doctrine, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), which states that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." Feldman, 460 U.S. at 482. This attorney disciplinary matter qualifies as such a proceeding. See Levin v. Attorney Registration and Disciplinary Comm'n, 74 F.3d 763, 766 (7th Cir.), cert. denied, 116 S.Ct. 2553 (1996); In re Palmisano, 70 F.3d 483, 487 (7th Cir.1995) ("Only the Supreme Court of the United States can review Palmisano's disbarment in Illinois."), cert. denied, 116 S.Ct. 1854 (1996). Given that we can review the Executive Committee's imposition of like discipline, however, we will construe Rheinstrom's brief not as a direct attack on the Illinois judgment, but as an assertion that the Executive Committee erred in giving decisive weight to the state's suspension of Rheinstrom.
 
 
 4
 Although "state disbarment proceedings are entitled to great weight" and generally should be relied upon when federal courts consider imposing like discipline, "disbarment by federal courts does not automatically flow from disbarment by state courts." In re Leaf, 41 F.3d 281, 284 (7th Cir.1994). There are three instances in which a federal court may admit to practice an attorney who has been disbarred by a state: "1) the state procedure is wanting in due process due to a lack of notice or opportunity to be heard; 2) the facts found suffer from an infirmity of proof; or 3) 'some other grave reason' exists to allow admission of the attorney to the federal bar." Id. at 283 (quoting Selling v. Radford, 243 U.S. 46, 51 (1917)).
 
 
 5
 Examining the first factor, Rheinstrom was provided notice and an opportunity to be heard. He was served with process and, although he originally failed to appear, he was later able to explain his actions to both the Hearing Board and the Review Board of the Illinois Attorney Registration and Disciplinary Commission (ARDC).
 
 
 6
 Regarding the second factor, the findings of the Hearing Board and Review Board support the suspension. They found that Rheinstrom failed to take action on two personal injury cases he filed on behalf of clients, making it impossible for the clients to pursue their causes of action; that on three separate occasions he lied to the ARDC by stating that he had secured a default judgment in one of the cases; and that he had failed to respond to an ARDC demand for information (Rheinstrom did not attend the original hearing despite being served with a subpoena). They also noted generally that in dealing with the disciplinary boards Rheinstrom failed to show the procedural knowledge expected of a licensed attorney or to conduct himself in a professional manner. The district court was entitled to accept the state's findings, as the Illinois standard of clear and convincing evidence is "at least as demanding as the federal approach." In re Palmisano, 70 F.3d at 487.
 
 
 7
 Finally, evaluating the third extenuating factor, the Executive Committee correctly concluded there was no other grave reason why Rheinstrom should be permitted to practice in federal court. The Executive Committee did not abuse its discretion in imposing reciprocal discipline, and thus its decision is AFFIRMED.
 
 
 
 *
 After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the appellant's brief and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)