139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Thomas George POULAKIDAS, Appellant.
 No. 96-3779.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 17, 1997.
Decided Feb. 17, 1998.
 
 Appeal from the Executive Committee of the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 D 49.
 Before CUMMINGS, ESCHBACK, and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 ASPEN, Chief J.
 
 
 2
 On December 1, 1995, the Supreme Court of Illinois suspended Thomas George Poulakidas from the practice of law pending further order by that court. Based on the Illinois Supreme Court's order, the Executive Committee of the United States District Court for the Northern District of Illinois suspended Poulakidas from the practice of law. Shortly thereafter, the Illinois Supreme Court disbarred Poulakidas. The Executive Committee then ordered Poulakidas to show cause why he should not be disbarred from the practice of law in the United States District Court for the Northern District of Illinois as a reciprocal measure. N.D.Ill.R. 3.51(B). Following Poulakidas's response, the Executive Committee disbarred Poulakidas from the practice of law. Poulakidas appeals.
 
 
 3
 The Administrator of the Illinois Attorney Registration and Disciplinary Commission (ARDC) charged Poulakidas with misconduct including overreaching and receiving loans from clients without giving the required disclosure, conversion and commingling of funds, and conduct involving dishonesty, fraud, deceit, or misrepresentation. After a six-day hearing, the ARDC Hearing Board issued a Report and Recommendation to the ARDC Review Board recommending disbarment. Poulakidas filed exceptions to the Report and Recommendation, including that his due process rights were violated and that the finding of misconduct was not supported by the record. The Review Board rejected Poulakidas's arguments, adopted the Hearing Board's factual findings, and recommended that Poulakidas be disbarred. Consequently, the Supreme Court of Illinois disbarred Poulakidas and the Executive Committee disbarred Poulakidas as a reciprocal measure.
 
 
 4
 On appeal, Poulakidas challenges the Executive Committee's order arguing that the Committee failed to conduct a hearing or rule on his due process challenge to the Illinois disbarment order. He also argues that the reciprocal disbarment order is an abuse of judicial discretion. Federal courts give state disbarment proceedings great weight when imposing discipline, but "disbarment by federal courts does not automatically flow from disbarment by state courts." In re Reinstatement of Leaf, 41 F.3d 281, 284 (7th Cir.1994) (citation omitted). A federal court may admit an attorney to practice despite a state court judgment to the contrary. These conditions are present when (1) the state procedure is lacking in due process because of no notice or opportunity to be heard; (2) the factual findings suffer from an infirmity of proof; or (3) "some other grave reason" exists which would allow the attorney's admission to the federal bar. In re Leaf, 41 F.3d at 283 (citing Selling v. Radford, 243 U.S. 46, 51, 37 S.Ct. 377, 61 L.Ed. 585 (1917)).
 
 
 5
 Poulakidas argues that he was denied procedural due process under the first Selling factor because the Executive Committee did not afford him a hearing on the alleged due process deprivations by the state. Initially, we point out that the district court's role in a reciprocal disbarment procedure is a legal matter and as such, evidentiary hearings are neither required nor automatic. See In re Leaf, 41 F.3d at 283; see also N.D.Ill.R. 3.51(D) & 3.53(C). As such, if the State of Illinois offered Poulakidas a full and fair evidentiary hearing, then a hearing in federal court is unnecessary. See In re Palmisano, 70 F.3d 483, 486 (7th Cir.1995), cert. denied, 517 U.S. 1223, 116 S.Ct. 1854, 134 L.Ed.2d 954 (1996). At the hearing, the Administrator filed a first then second amended complaint, to which Poulakidas admitted to the majority of the factual allegations in his answer, but denied all charges of misconduct. The ARDC Hearing Board thereafter conducted a six-day hearing wherein the Administrator presented detailed exhibits as well as witness testimony, including that of the clients harmed. Poulakidas proffered evidence of his past record and his community service. As a defense, Poulakidas testified that he did not have attorney-client relationships with any of the people from whom he borrowed money. After review, we are convinced and conclude that Poulakidas was given a thorough and extended hearing at the state level, which uncovered substantial evidence of Poulakidas's misconduct; therefore, an evidentiary hearing at the district court was unnecessary.
 
 
 6
 Last, Poulakidas claims that the Executive Committee abused its discretion when it relied on the state's disbarment judgment because the evidence was insufficient for a finding of misconduct. Poulakidas, however, fails to support this assertion with any refutation of the evidence presented at his hearing or assert any other Selling exceptions to establish that the Executive Committee should not reciprocally disbar him. Indeed, the record contains overwhelming evidence establishing the magnitude of Poulakidas's misconduct, including Poulakidas gaining information about his clients' financial situations then requesting personal loans in sums ranging from $4,000 to $40,000 each. Poulakidas also received a check from a client in the administration of an estate, negotiated the check at a currency exchange, took a portion for his fees, failed to deposit the funds in the client's account, and converted $1,200 by disbursing the money to a third person without clearance from the client. Another incident involved Poulakidas's representation of a business and his holding money in escrow for the purchase of the client's store. This client entrusted over $40,000 to Poulakidas, approximately half of which Poulakidas used for his own purposes without the knowledge and much less the consent of the client. Also, Poulakidas mishandled settlement money from one client, paying the settlement amount from earnest money he held as escrowee for another client. Because of the sufficient evidence of Poulakidas's misconduct, we conclude that the Executive Committee did not err in giving decisive weight to the state's disbarment order.
 
 
 7
 In sum, not only was Poulakidas given a full and fair hearing by the state but there was ample evidence of his misconduct. We conclude that the Executive Committee did not abuse its discretion in finding reciprocal disbarment, see In re Palmisano, 70 F.3d at 485, and the district court judgment is
 
 
 8
 AFFIRMED.