**In the Matter of Glen Marcus FALLIN, Respondent.**

**No. 01–9512.**

United States Court of Appeals, Fourth Circuit.

Argued June 5, 2001.

Decided June 29, 2001.

**ARGUED:** Glen Marcus Fallin, pro se. Glenn M. Grossman, Deputy Bar Counsel, Attorney Grievance Commission of Maryland, Crownsville, MD, as prosecuting counsel. **ON PLEADINGS:** Melvin Hirshman, Bar Counsel, Attorney Grievance Commission of Maryland, Crownsville, MD, as prosecuting counsel.

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

## MEMORANDUM ORDER

This matter comes before this Court's Standing Panel on Attorney Discipline on a Notice to Show Cause entered on March 26, 2001. By that Notice, Respondent Glen Marcus Fallin was directed to show cause why he should not be suspended from the practice of law before this Court. On May 1, 2001, Mr. Fallin filed his Response to the Notice to Show Cause, by which he requested a hearing pursuant to Local Rule 46(g)(9). Having granted Mr. Fallin's request for hearing, the Court, by Order of May 24, 2001, appointed Bar Counsel for the Attorney Grievance Commission of Maryland (the "Commission") as prosecuting counsel in this proceeding and requested an Answer to Mr. Fallin's Response. Counsel's Answer was filed with the Court on May 30, 2001, and the Standing Panel on Attorney Discipline heard oral argument on June 5, 2001, on the merits of this matter.

### I.

Following charges of professional misconduct advanced by the Commission, a Petition for Disciplinary Action against Mr. Fallin was referred by the Court of Appeals of Maryland to the Honorable Clayton Greene, Jr. of the Circuit Court

for Anne Arundel County. On August 11, 2000, after conducting a full hearing, Judge Greene made and filed findings of fact and conclusions of law, determining, inter alia, that Mr. Fallin had violated various Maryland Rules of Professional Conduct in the course of his representation of certain clients.[1] Pursuant to Maryland Rule 16–711, the findings of fact and conclusions of law of Judge Greene were submitted to the Court of Appeals of Maryland for final action. Significantly, neither Mr. Fallin nor the Commission filed exceptions in the Court of Appeals to Judge Greene's findings of fact and conclusions of law. On January 11, 2001, the Court of Appeals ordered Mr. Fallin indefinitely suspended from the practice of law in Maryland. *See Attorney Grievance Comm'n of Md. v. Fallin,* Misc. Docket (Subtitle AG), No. 55, Sept. Term, 1999 (unreported). This suspension from practice became effective on February 12, 2001. Our Notice to Show Cause was issued six weeks later.

## II.

■ Mr. Fallin's admission to practice law before this Court is predicated in part on his status as a member of the Maryland Bar. *See* Fed. R.App. P. 46(a)(1) ("An attorney is eligible for admission to the bar of a [federal] court of appeals if that attorney is of good moral and professional char-

acter and is admitted to practice before ... the highest court of a state[.]"). Due to his suspension by the Court of Appeals of Maryland, Mr. Fallin is also subject to suspension by this Court. *See* Fed. R.App. P. 46(b)(1).[2] Under our Local Rule 46(g), the indefinite suspension of Mr. Fallin is presumed to be the appropriate disposition of the matter, as the sanction identical to that imposed by the Court of Appeals of Maryland. The presumptive discipline will be imposed by this Court provided three requirements are met: "(1) the state must have given the attorney notice of the charges and an opportunity to be heard; (2) the evidence must support the findings made; and (3) there must be no other 'grave reason' for ignoring the actions taken." *Wrighten v. United States,* 550 F.2d 990, 991 (4th Cir.1977) (citing *Selling v. Radford,* 243 U.S. 46, 51, 37 S.Ct. 377, 61 L.Ed. 585 (1917)).

■ Based on our careful and full consideration of the various written submissions of Mr. Fallin and the prosecuting counsel, as well as the oral argument, we conclude that the three requirements spelled out in *Selling* are fully satisfied here. First, it is undisputed that the Maryland proceedings afforded Mr. Fallin notice and a sufficient opportunity to be heard. Indeed, Mr. Fallin does not challenge the adequacy of the hearings, but instead maintains that Judge Greene—

1. Judge Greene found that Mr. Fallin had committed violations of the following specific Rules of Professional Conduct: Rule 1.3 (lack of reasonable diligence and promptness); Rule 1.4 (inadequate communication with client); Rule 1.5(a) (unreasonable fees); Rule 1.5(b) (failure to reasonably inform client of fees); Rule 1.5(c) (failure to communicate terms of contingency fee arrangement); Rule 1.5(e) (improper splitting of fees between attorneys); Rule 3.2 (failure to reasonably expedite litigation); Rule 8.1(b) (failure to disclose information in connection with bar disciplinary matters); Rule 8.4(a) (general violation of the Rules of Professional Conduct); and Rule 8.4(d) (engaging in conduct prejudicial to the administration of justice).

2. The standard for suspension from practice before this Court is established in Rule 46(b)(1), which provides that "[a] member of the court's bar is subject to suspension or disbarment by the court if the member: (A) has been suspended or disbarred from practice in any other court; or (B) is guilty of conduct unbecoming a member of the court's bar."

whose findings and conclusions were adopted by the Court of Appeals—unfairly discredited Mr. Fallin's testimony, arriving at findings of fact that were not supported by "clear and convincing" evidence.[3] There was, however, ample evidence presented to support Judge Greene's findings, and we decline to disturb or depart from those credibility determinations.[4] Finally, as to the third requirement enumerated in *Selling*, Mr. Fallin has simply failed to present any "grave reason" why we should not honor Maryland's indefinite suspension of his law license.

█ Concluding that each of *Selling*'s three factors is satisfied, we must defer to the sanction imposed by the Court of Appeals of Maryland. We therefore order that Mr. Fallin be indefinitely suspended from the practice of law in this Court. We note, however, that our suspension order does not preclude Mr. Fallin from applying for readmission to practice in this Court if his membership in the Maryland Bar is reinstated, or if he otherwise complies with the provisions of Fed. R.App. P. 46(a)(1).

### III.

This Memorandum Order is entered on behalf of the Standing Panel on Attorney Discipline, at the direction of Judge King, with the concurrences of Judge Williams and Judge Traxler.

---

3. More specifically, Mr. Fallin contends that Judge Greene erred by discrediting all of Mr. Fallin's testimony in favor of that given by his former client, Terry Sword, and by refusing to admit extrinsic medical evidence that was offered to impeach Mr. Sword.

4. It bears repeating that Mr. Fallin, when his case came before the Court of Appeals of Maryland, failed to file exceptions to Judge Greene's findings of fact. Under Rule 16–758(b)(2)(A) of the Maryland Rules of Procedure, the Court of Appeals may, if no exceptions are filed, "treat the findings of fact as established for the purpose of determining the appropriate sanctions, if any."