**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 5, 2005
Decided May 12, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| IN RE: | Appeal from the United States |
| ZENA D. CRENSHAW, | District Court for the |
| *Appellant*. | Northern District of Indiana, |
| | South Bend Division. |
| No. 05-1042 | No. 3:04-MC-34 RM |
| | Robert L. Miller, Jr., *Chief Judge*. |

**O R D E R**

On October 4, 2004, the Indiana Supreme Court suspended attorney Zena Crenshaw from the practice of law for 30 days for making false allegations against two judges. Later, that suspension was extended until Crenshaw paid the costs--approximately $6,000--of the disciplinary proceeding against her. The state court's disbarment order prompted the United States District Court for the Northern District of Indiana to order Crenshaw to show cause why she should not be suspended from its bar. After receiving her response, Chief Judge Robert Miller entered an order suspending Crenshaw from the district's bar "until such time as she complies with the orders of the Indiana Supreme Court, at which time she may apply to this court for reinstatement pursuant to the court's Local Rules of Disciplinary Enforcement." Chief Judge Miller entered his order pursuant to N.D. Ind. L.R. Disc. Enf. II(a) and N.D. Ind. L.R. 83.5(e).

Crenshaw appeals Judge Miller's order, but her complaints center on the Indiana Supreme Court's decision to discipline her. For instance, she claims that there was insufficient evidence of misconduct, that the disciplinary hearing officer failed to explain why he discredited her testimony, and that the Indiana Supreme Court erred by prolonging her suspension because she could not afford

to pay the costs of the proceeding against her in a lump sum. We do not have jurisdiction to consider these grievances, however, as lower federal courts are not authorized to review attacks on the Indiana attorney disciplinary proceeding. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Johnson v. Supreme Court of Illinois, 165 F.3d 1140, 1141-42 (7th Cir. 1999); Levin v. ARDC, 74 F.3d 763, 766 (7th Cir. 1996); In re Palmisano, 70 F.3d 483, 487 (7th Cir. 1995).

Crenshaw also argues that the district court erred by relying on the state disbarment proceedings in suspending her from its bar. Although state disbarment proceedings are entitled to great weight and should generally be relied upon, In re Jafree, 759 F.2d 604, 608 (7th Cir. 1985), federal disbarment does not flow automatically from disbarment by state courts, Theard v. United States, 354 U.S. 278, 271 (1957). Federal courts may disregard a state disbarment in limited circumstances when (1) the state procedure is wanting in due process due to a lack of notice or an opportunity to be heard; (2) the factual findings suffer from an infirmity of proof; or (3) "some other grave reason" exists to support admission to the federal bar. In re Reinstatement of Leaf, 41 F.3d 281, 283 (7th Cir. 1994) (citing Selling v. Radford, 243 U.S. 46, 51 (1917)).

None of these circumstances are present here. Crenshaw focuses on the second factor, complaining that the Indiana Supreme Court's factual findings are unsupported. But this contention is flawed. In the first instance, Crenshaw remains suspended from the Indiana bar because she failed to comply with a valid, and routine, order to pay the modest costs of the disciplinary proceedings that were brought against her. And there is no dispute that she has not complied with that order. If Crenshaw cannot afford to pay the costs in lump sum, she must provide the state court with sufficient information to establish that fact. In any event, there is no "infirmity of proof" regarding the basis for her suspension, but rather an infirmity of doubt. Moreover, the findings of the hearing officer support the Indiana Supreme Court's initial suspension, as Crenshaw submitted court filings with completely unfounded and unsupported accusations that Indiana state judges engaged in discrimination and sexual harassment. The district court was entitled to accept these findings.

Finally, Crenshaw claims that Chief Judge Miller should have conducted an evidentiary hearing. But because Indiana conducted a full evidentiary hearing, a second hearing in federal court was unnecessary. See Palmisano, 70 F.3d at 486. Indeed, Crenshaw fails to explain how an additional hearing would do her any good.

AFFIRMED.