**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 25, 2006[*]
Decided September 25, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-2585

| | |
|---|---|
| IN RE: | Appeal from the United States District |
| ZENA D. CRENSHAW, | Court for the Southern District of Indiana, |
| *Appellant.* | Indianapolis Division |
| | |
| | No. MISC 04-85-IP |
| | |
| | Larry J. McKinney, |
| | *Chief Judge* |

**O R D E R**

In October 2004, the Indiana state bar suspended attorney Zena Crenshaw for 30 days for making false allegations against two Indiana state judges. Crenshaw petitioned for a waiver of costs—which totaled approximately $6,000— but the Indiana Supreme Court denied her petition and extended her suspension until she paid the costs. Because she refused to do so, she remains suspended. The U.S. District Court for the Northern District of Indiana imposed reciprocal discipline and we denied Crenshaw's appeal of that order. *In re Crenshaw*, No. 05-1042 (7th Cir. May 12, 2005). Shortly thereafter, the Southern District of Indiana ordered Crenshaw to show cause why it should not follow suit. The district

---

[*] Because there is no appellee to be served in this appeal, the appeal has been submitted without the filing of an appellee brief. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R. App. P. 34(a)(2).

court concluded that Crenshaw's response was insubstantial and already "considered and rejected" by our court. The Southern District of Indiana then suspended Crenshaw from its bar with the suspension to "expire upon respondent's [Crenshaw's] reinstatement to practice before the Indiana Supreme Court." She now appeals that order. We affirm.

Crenshaw first argues that the district court neglected to realize that she is unable to pay the costs of her state disciplinary proceedings, and as a result erred in requiring her readmission to the state bar as a condition to reinstatement in the federal bar. But state disbarment proceedings are entitled to great weight and should generally be granted deference in federal disbarment proceedings. *In re Reinstatement of Leaf*, 41 F.3d 281, 283 (7th Cir. 1994). In that vein, we have upheld the denial of a petition for reinstatement to the federal bar where an attorney refused to pay the costs of her state disciplinary proceedings or to comply with the state supreme court's order to provide financial information establishing her inability to pay costs. *Id.* at 284.

Crenshaw likewise has failed to demonstrate her inability to pay. The Indiana Supreme Court provided her the opportunity to do so, and found her "unverified statement" to be "lacking in any supporting evidence" and thus insufficient to support a waiver of costs. *In re Matter of Crenshaw*, No. 45S00-0106-DI-279 (Ind. Nov. 12, 2004). Crenshaw believes that her discharge in a Chapter 7 bankruptcy establishes her financial hardship, but she has not yet provided the Indiana Supreme Court with any evidence of her financial circumstances. Until she pays the costs or demonstrates her inability to pay them, the Indiana Supreme Court has legitimate grounds for her continued suspension from the bar. *Leaf,* 41 F.3d at 284. Thus, the district court did not err in deferring to the Indiana Supreme Court's decision to extend her suspension.

Crenshaw also argues that her protracted suspension from the Indiana state bar runs afoul of the Supremacy Clause because the suspension dictates the terms of her federal suspension. *See Sperry v. State of Florida,* 373 U.S. 379, 385 (1963) (states may not enforce attorney licensing requirements that while valid in the absence of federal legislation, give "the State's licensing board a virtual power of review over the federal determination"). But the Supremacy Clause is not implicated here because the Southern District of Indiana in its discretion conditioned Crenshaw's suspension on her status in the Indiana state bar. Thus, her state suspension does not conflict with "or stand as an obstacle to the accomplishment" of a federal objective. *See Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 248 (1984); *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 696 (7th Cir. 2005).

AFFIRMED.