**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-9525**

———————————

IN THE MATTER OF PETER PAUL MITRANO,

                    Respondent.

———————————

On Order to Show Cause Before the Fourth Circuit Standing Panel
on Attorney Discipline:  MOTZ, KING, and DUNCAN, Circuit Judges.

———————————

**No. 08-2030**

———————————

In Re:  PETER PAUL MITRANO,

                    Appellant.

----------------------------

MICHAEL LEWIS RIGSBY,

                    Amicus Curiae.

———————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   James R. Spencer, Chief
District Judge.  (3:07-mc-00008-JRS)

———————————

Argued:  May 15, 2009                    Decided:  June 4, 2009

———————————

Before MOTZ, KING, and DUNCAN, Circuit Judges.

———————————

No. 07-9525 disbarment ordered; No. 08-2030 affirmed by unpublished per curiam opinion.

_____

Peter Paul Mitrano, Merrifield, Virginia, Respondent/Appellant Pro Se. Michael Lewis Rigsby, CARRELL, RICE & RIGSBY, Richmond, Virginia, Amicus Curiae.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On July 17, 2008, the District of Columbia revoked Peter Paul Mitrano's license to practice law. On August 15, 2008, this court's Standing Panel on Attorney Discipline issued Mitrano a Notice to Show Cause why we should not impose reciprocal discipline and disbar him from practice before us. On September 8, 2008, Mitrano noted an appeal from an order of the Eastern District of Virginia imposing such discipline and revoking Mitrano's license to practice before it. We consolidated the two cases, which have been fully briefed and argued. For the reasons explained below, we disbar Mitrano from practice before this court, and affirm the district court's decision to impose reciprocal disbarment.

I.

On July 27, 2005, District of Columbia Bar Counsel filed a Specification of Charges, informing Mitrano of several serious allegations of professional misconduct. In re Mitrano, 952 A.2d 901, 907 (D.C. 2008). The gravamen of the charges was that Mitrano, having received a $241,336.59 check made payable to his client in January 1998, fraudulently endorsed this check over to himself, deposited the funds in his personal bank account, and spent the money for his own purposes, knowing that the major portion of the funds did not belong to him. Id. at 904-05.

3

In June 2006, following investigation and discovery, a Hearing Committee in the District of Columbia held a three-day evidentiary hearing on the matter. Id. at 908. At the hearing, Mitrano did not deny taking and using the funds, but claimed entitlement to the entire check as a reasonable legal fee. Id. at 915. On February 9, 2007, the Committee issued a written report, recommending that Mitrano be disbarred from practice. The Committee found that Mitrano had committed numerous ethical violations, including theft, misappropriation, and commingling of client funds. Id. at 922–28. Because Mitrano presented evidence tending to show that he did not forge the endorsement, the Committee did not rely on that theory. Id. at 906. Instead, the Committee found that regardless of any forgery, Mitrano committed theft because he took the entire $241,336.59, even though he knew that he did not have a legitimate claim to anywhere near that amount. Id. at 923.

Mitrano appealed the Committee's decision to the District of Columbia Board on Professional Responsibility. Following argument, the Board adopted all of the findings of the Committee and recommended disbarment. Id. at 928. On July 17, 2008, the District of Columbia Court of Appeals accepted the recommendation of the Board and disbarred Mitrano. Id. at 907.

On August 15, 2008, pursuant to Local Rule 46(g)(4), this court's Standing Panel on Attorney Discipline issued Mitrano a

4

Notice to Show Cause why we should not disbar him from practice. On September 8, 2008, Mitrano noted an appeal from an order of the Eastern District of Virginia revoking Mitrano's license to practice law before it. We consolidated the two cases, received briefs and heard oral argument from Mitrano and prosecuting counsel.

## II.

Mitrano's admission to practice law before this court is premised in part on his status as a member of the District of Columbia Bar. See Fed. R. App. P. 46(a)(1) ("An attorney is eligible for admission to the bar of a court of appeals if that attorney is of good moral and professional character and is admitted to practice before . . . the highest court of a state . . . ."). Because Mitrano has been disbarred by the District of Columbia, he is subject to reciprocal disbarment from this court. See Fed. R. App. P. 46(b)(1)(A).

Under our Local Rules, we presume the sanction imposed by the District of Columbia's highest court to be appropriate, see 4th Cir. R. 46(g)(2), and will impose such discipline provided that the three conditions established by the Supreme Court in Selling v. Redford, 243 U.S. 46 (1917) are met. This requires that "(1) the state must have given the attorney notice of the charges and an opportunity to be heard; (2) the evidence must

5

support the findings made; and (3) there must be no other 'grave reason' for ignoring the actions taken." In re Fallin, 255 F.3d 195, 197 (4th Cir. 2001) (citing Selling, 243 U.S. at 51).

Based on a careful and through consideration of the record, and the written and oral submissions of Mitrano and prosecuting counsel, we conclude that the three Selling requirements have been fully satisfied.

First, it is undisputed that Mitrano received notice of the charges in the July 27, 2005 Specification of Charges, and had an extended opportunity to be heard at the three-day evidentiary hearing. Mitrano argues that prosecuting counsel switched the basis of the charges against him from forgery to theft without notice. This claim has no merit. As the District of Columbia Court of Appeals found, the Specification included allegations of theft, misappropriation of client funds, and commingling; Mitrano plainly had notice of these charges. See Mitrano, 952 A.2d at 906.

Second, although Mitrano disputes the factual findings of the Committee, the evidence clearly supports them. Mitrano devotes much of his brief to his assertion that he had a good faith claim to the $241,336.59 as a reasonable legal fee. It is not our place to re-adjudicate such factual matters. The Committee directly addressed Mitrano's contention and found that Mitrano "knew that the amount of the check greatly exceeded the

6

fees to which [he was] entitled." Id. at 923. The evidence supports this finding; indeed, a contemporaneous letter by Mitrano expressed his belief that his client owed him only $15,247.50 in legal fees.

Finally, Mitrano does not allege any "grave" reason why we should not honor the District of Columbia's considered decision to disbar Mitrano from practice.

### III.

For the foregoing reasons, we defer to the sanction imposed by the District of Columbia Court of Appeals, and disbar Mitrano from practice before this court. For the same reasons, we affirm the judgment of the district court, which disbarred Mitrano from practice before it.

No. 07-9525 DISBARMENT ORDERED
No. 08-2030 AFFIRMED

7