# In the
# United States Court of Appeals
## For the Seventh Circuit

No. D-10-0015

IN RE:

LAWRENCE SCOTT WICK,

*Respondent.*

Disciplinary Matter

DECIDED DECEMBER 9, 2010

Before POSNER, WOOD, and TINDER, *Circuit Judges*.

POSNER, *Circuit Judge*. The Supreme Court of Illinois disbarred attorney Wick because of fraudulent overbilling of clients. He is a member of our bar, and we ordered him to show cause why he should not be expelled from it as well. 7th Cir. R. 46(d). In response, he points to repeated requests that he made last year to be allowed to withdraw voluntarily; as a result of clerical error, his requests were not acted on. His response asks us to allow him to withdraw now. The question whether and when a lawyer should be permitted to resign from a bar is novel in this court, and so we have decided to address it in a published opinion.

Like most bars we don't charge an annual fee—indeed, we charge no fee besides the fee for joining (some courts charge a renewal fee). As a result, resignations are very rare; in fact we have a record of only one request to be permitted to resign from the bar of our court. It was granted because there was no reason to suppose any ethical issue involved; the reason the lawyer gave for wanting to resign was simply that she didn't intend to handle any further cases in this court. *Why* a lawyer would bother to request permission to resign a membership that imposes no financial or other obligations (such as commitment to an organization's principles) is unclear, and this leads us to speculate that the most common reason is a desire to avoid expulsion—a desire that should not be honored. "[A]n attorney likewise may not evade [the court's] disciplinary authority through strategic withdrawal after disciplinary proceedings have commenced." *In re Saghir*, 595 F.3d 472, 474 (2d Cir. 2010) (per curiam); see also *In re Jaffe*, 585 F.3d 118, 125 (2d Cir. 2009) (per curiam). If the lawyer belongs to another bar, and intends to continue practicing law, the misconduct that caused him to be disbarred in another jurisdiction should not be swept under the rug. *Id*. ("while we acknowledge the Committee's reasons for recommending that the termination be through withdrawal, we believe it would be misleading to suggest in any way that Jaffe's separation from this Court's bar was voluntary").

Some courts, it seems, allow withdrawal more or less automatically even after disciplinary proceedings have been instituted—even when instituted by the very court

from whose bar the lawyer seeks to withdraw. See, e.g., *In re Barrett*, 549 U.S. 948 (2006) (mem.); *In re Clinton*, 534 U.S. 1016 (2001) (mem.); cf. *In re Weston*, 442 N.E.2d 236, 239 (Il. 1982). Maybe these courts don't want to be bothered with completing the disciplinary proceeding, since voluntary withdrawal has similar consequences to the discipline that would be meted out at the end of the proceedings—though not identical consequences because the reason for the withdrawal is not publicly disclosed and so there is the danger of misleading that the Second Circuit noted in the *Jaffe* case. We have not been burdened by frequent requests to allow resignation from our bar, and so we don't have the excuse of workload to justify imitating the practice of such courts. When an attorney is removed from the roll of attorneys admitted to practice before this court, we don't want to leave the impression that the separation was innocent if in fact it was precipitated by the attorney's wrongdoing.

In seeking to resign from the bar of our court, Wick has managed to compound the misconduct that led to his disbarment by the Supreme Court of Illinois. In November 2008 the Illinois Attorney and Registration Disciplinary Commission had ordered him to show cause why he should not be disciplined for overcharging two clients more than a million dollars. In April of the following year, and again in June and July, he wrote the Clerk of our court requesting leave to resign from our bar but did not mention the order to show cause. He gave us the following reasons for wanting to resign: that he was closing his law practice, had not had a

case before this court in more than a decade, had been permitted to resign by a number of other bars, was in good standing in all courts to whose bars he had been admitted, and had "not been suspended, disbarred or disciplined in other way by any court for any reason." All this was literally true, so far as we know, but it was misleading in view of the pending disciplinary proceeding.

The Supreme Court of Illinois disbarred Wick in September 2010, and his disbarment precipitated our order that he show cause why he shouldn't be disbarred by our court as well. He has no reason, financial or otherwise, for wanting to resign from the bar of our court other than to avoid the sanction of another disbarment. That is a bad reason.

In addition to seeking to resign, Wick asks us to suspend our disciplinary proceeding until the U.S. Supreme Court acts on a petition for certiorari that he has filed, challenging his disbarment from the Illinois bar. He argues that the proceeding that resulted in his disbarment denied him due process of law. In so arguing he appeals to the principle that disbarment in one jurisdiction does not require disbarment in other jurisdictions. *In re Ruffalo*, 390 U.S. 544, 547 (1968); *Theard v. United States*, 354 U.S. 278, 282 (1957); *Gadda v. Ashcroft*, 377 F.3d 934, 943 (9th Cir. 2004); *In re Surrick*, 338 F.3d 224, 231 (3d Cir. 2003). The Supreme Court has held that a lawyer can resist disbarment by the second court by demonstrating a denial of due process or other grave deficiency in the first disbarment proceeding. *In re*

*Ruffalo*, *supra*, 390 U.S. at 550; *Selling v. Radford*, 243 U.S. 46, 51-52 (1917); *In re Squire*, 617 F.3d 461, 465-66 (6th Cir. 2010); *In re Roman*, 601 F.3d 189, 193 (2d Cir. 2010) (per curiam). This seems a little odd, as it is so like allowing the disbarred lawyer to mount a collateral attack on his disbarment, though the Supreme Court was explicit in *Selling v. Radford*, *supra*, 243 U.S. at 50, that this would *not* be the consequence even if the lawyer was successful in resisting the first disbarment by demonstrating that the procedure resulting in it had been seriously deficient. See also *In re Sibley*, 564 F.3d 1335, 1340 (D.C. Cir. 2009); *In re Cook*, 551 F.3d 542, 547-48 (6th Cir. 2009). But Wick has made no attempt to prove a serious procedural irregularity in the Illinois proceeding, see *In re Oliveras López de Victoria*, 561 F.3d 1, 4 (1st Cir. 2009) (per curiam); *In re Fallin*, 235 F.3d 195, 197-98 (4th Cir. 2001) (per curiam), though should the U.S. Supreme Court grant certiorari and order him reinstated to the Illinois bar he can seek reinstatement to our bar as well.

We order Wick disbarred.