NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 30, 2018[*]
Decided July 30, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-1265

| | |
|---|---|
| In re: | Appeal from the United States District |
| DOUG BERNACCHI, | Court for the Southern District of Indiana, |
| *Respondent-Appellant.* | Indianapolis Division. |

No. 1:17-mc-00077-JMS-TAB

Jane E. Magnus-Stinson,
*Chief Judge*.

## O R D E R

Doug Bernacchi appeals a district judge's order suspending his right to practice law in the Southern District of Indiana based on his suspension by the Indiana Supreme Court. He argues that the state disciplinary proceeding was unfair and that the district court violated his due-process rights by relying on the findings that came of it. Because

---

[*] We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

Bernacchi has not pointed to any serious flaws in the Indiana Supreme Court's disciplinary decision, we affirm the suspension order.

Disciplinary authorities investigated Bernacchi after he purportedly represented both a client and her son in a child-support dispute in which they were adverse parties (the client sought support for caring for her grandson, her son's child). Bernacchi eventually admitted this, as well as other allegations about the same representation, including that he failed to provide competent representation, charged an unreasonable fee, shared legal fees with a non-lawyer legal assistant, and tried to obstruct the disciplinary investigation. He admitted these violations in his deposition while trying to negotiate a lesser penalty, and he repeated them in the parties' joint motion for the Indiana Supreme Court to hold a hearing on the appropriate sanction. After that hearing, at which Bernacchi was represented by counsel, the court suspended him for at least one year without automatic reinstatement, beginning in October 2017.

The Southern District of Indiana then ordered him to show cause why it should not impose reciprocal discipline. Bernacchi responded that the state adjudication was unfair because the state court relied on perjured testimony: the former client (the mother) testified that she lost her home because she was unable to secure child support. Bernacchi asserted that the foreclosure happened before his representation.

The district judge denied Bernacchi's motion to set an evidentiary hearing and imposed reciprocal discipline based on the record and his brief. The judge reasoned that, even disregarding the testimony in question, "there was more than sufficient undisputed misconduct to warrant the discipline imposed." She also noted that Bernacchi failed even to acknowledge the relevant section of the Local Rules of Disciplinary Enforcement, which generally requires that the court impose reciprocal discipline unless there are serious deficiencies in the state proceedings. See S.D. IND. R. DISC. ENF. II.D. Finally, the judge concluded that the record contradicted Bernacchi's contention that he was not permitted to call witnesses or submit evidence in his defense. Bernacchi unsuccessfully moved for reconsideration and now appeals.

Bernacchi makes the same core argument—that his suspension was based on perjured testimony—and asserts that the district court should have granted his motion for a hearing. We assign a state disciplinary proceeding "great weight" unless it was tainted by serious flaws. *In re Reinstatement of Leaf*, 41 F.3d 281, 284 (7th Cir. 1994) (internal citation omitted). Bernacchi says that his sanctions hearing was seriously flawed because of the perjury, and he even argues that this alleged lie "negates" all of

his former client's complaints against him. (This proposition, like the rest of his brief, is not supported by any authority. See FED. R. APP. P. 28(a)(8).) But although Bernacchi disputes whether his client's foreclosure was a consequence of his actions, he does not explain how the alleged perjury prejudiced him given that he admitted the allegations about his own misconduct. Bernacchi also contends that he was deprived of due process because he was not allowed to introduce witnesses or evidence at his hearing, but the testimony that Bernacchi wanted to present was from a witness that, as the state court noted, Bernacchi himself removed from the witness list. Bernacchi has not shown serious error in his state disciplinary process. See *In re Ruffalo*, 391 U.S. 544, 550 (1968); *In re Wick*, 628 F.3d 379, 381 (7th Cir. 2010).

As for Bernacchi's argument that the district judge erred in not holding an evidentiary hearing before imposing reciprocal discipline, he provides no explanation why a hearing was necessary, and he was not entitled to one under the relevant rule, S.D. IND. R. DISC. ENF. II.D. See also *In re Caranchini*, 160 F.3d 420, 424 (8th Cir. 1998) (finding attorney not entitled to district-court hearing because facts were proved in earlier litigation). Bernacchi never had a fact-finding hearing in state court because he admitted the allegations, but he could have opted to defend himself instead. The rule makes clear that a district court can impose reciprocal discipline on a closed record absent good reason to consider new evidence. See *In re Palmisano*, 70 F.3d 483, 486 (7th Cir. 1995). The record before the district judge already contained the foreclosure documents that Bernacchi considers completely vindicating; the judge, however, was not moved by the allegation of perjury given all of the other conduct that was undisputed. Bernacchi similarly fails to persuade us that the district court improperly exercised the default action of imposing reciprocal discipline. See *id.*

AFFIRMED