**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2018[*]
Decided September 7, 2018

***Before***

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2192

| | |
|---|---|
| IN RE ANDREW U. D. STRAW,<br>    *Respondent-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division.<br><br>No. 1:17-MC-5-TLS<br><br>Theresa L. Springmann,<br>*Chief Judge.* |

### O R D E R

Upon being suspended from the practice of law in the Northern District of Indiana, Andrew Straw moved to withdraw from the district's bar. The district judge denied his motion, and Straw now appeals. We affirm.

The Indiana Supreme Court suspended Straw's law license after he violated Indiana Professional Conduct Rule 3.1 by bringing frivolous claims and arguments in four lawsuits, three of which he filed on his own behalf. The Northern District of

---

[*] We grant Andrew Straw's motion to decide this case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

Indiana imposed reciprocal discipline, as it ordinarily does under Northern District of Indiana Local Rule 83-6.8(c). Straw later sought reinstatement, arguing that the Northern District of Indiana should follow the actions of the Virginia State Bar, which decided not to impose equivalent discipline because the same conduct would not be a basis for disciplinary action in Virginia. The district judge found no grounds to reconsider her prior imposition of reciprocal discipline and denied his request.

Straw then began peppering the district court with motions and letters relating to his desire to "boycott" the court and seek the "abolition of my law license." He said that he resented judges acting with bias against him, accusing him of being insane and nonsensical, and that he wanted to invoke his First Amendment right not to associate with a court that was hostile towards persons like him with disabilities. The judge denied the motions, emphasizing that she made no pronouncement that would require Straw to associate with the district court, or its bar, and that Straw's right to practice in the district would remain suspended until he complied with the requirements for reinstatement, as set forth in Northern District of Indiana Local Rule 83-6.11.

On appeal Straw asserts that his First Amendment rights to "boycott" and "not associate" with the bar of the Northern District of Indiana required the district judge to strike him from the rolls. But Straw does not point us to any authority permitting a suspended attorney to withdraw unilaterally from the bar of the Northern District of Indiana. Indeed, this court has a contrary rule: an attorney admitted to practice may not withdraw from our bar if he, like Straw, is the subject of a disciplinary matter. *In re Wick*, 628 F.3d 379, 380–81 (7th Cir. 2010). In *Wick*, we explained that we did not want "to leave the impression that the separation was innocent if in fact it was precipitated by the attorney's wrongdoing." *Id*. at 380. The Second Circuit has reached a similar conclusion: once disciplinary proceedings have begun, allowing an attorney to evade discipline through "strategic withdrawal" does not serve the interests of justice. *In re Saghir*, 595 F.3d 472, 473–74 (2d Cir. 2010). When enforcing Northern District of Indiana Local Rule 83-6.11, the district judge here followed the same path. The judge appropriately concluded that Straw remains suspended from practice in the Northern District of Indiana until he complies with the relevant provisions for reinstatement. N.D. IND. L.R. 83-6.11.

Straw asks us to take notice of the Supreme Court's recent decision in *Janus v. American Federation of State, County, & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), declaring that forced union fees violate the First Amendment rights of nonunion workers. The analogy, however, is misplaced. Unlike the employees in *Janus* who were

forced to associate with their union by subsidizing activities, *see Janus*, 138 S. Ct. at 2459–60, Straw does not contribute money (or anything else) to the bar.

Since seeking to withdraw from the bar of the Northern District of Indiana, Straw has persisted in the misconduct that led to his suspension from the State of Indiana. We recently warned him that his "pattern [of frivolous filings] must stop immediately or he will be sanctioned and barred … from litigating in the courts of this circuit." *Straw v. Vill. of Streamwood*, No. 17-1867, 2018 WL 2068695, at *4 (7th Cir. May 3, 2018). Because we issued the warning after Straw filed this appeal, we will not sanction him at this time, *see United States v. Robinson*, 251 F.3d 594, 596 (7th Cir. 2001). Nevertheless, judicial patience has its limits and we reiterate that continued frivolous filings will risk sanctions, monetary and otherwise.

AFFIRMED