**Zena D. CRENSHAW, Plaintiff–Appellant,**

v.

**Anita M. HODGSON, et al.,
Defendants–Appellees.**

No. 01–2045.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 28, 2001.

Decided Dec. 20, 2001.

Before WOOD, Jr., KANNE, and ROVNER, Circuit Judges.

### ORDER

Zena Crenshaw filed suit alleging claims under 42 U.S.C. §§ 1983 and 1985 and asserting a state-law abuse of process claim against the defendants. The genesis of that suit was a prior case, in which Crenshaw represented Sylvia Ann Sanchez in a personal injury case against Hoffman–LaRoche, Inc. in 1993 in Lake County Superior Court. That Sanchez complaint stemmed from the allergic reaction Sanchez' daughter suffered when she took the generic form of the drug Bactrim. The complaint alleged that Hoffman–LaRoche was strictly liable for failing to provide adequate warning for its drug Bactrim. Because the complaint asserted that the generic drug taken by Sanchez' daughter was manufactured by Biocraft Laboratory, and did not allege that Hoffman–LaRoche designed, manufactured, sold, or provided labeling for the drug, the Lake County court dismissed the complaint for failure to state a claim. Crenshaw, on behalf of Sanchez, then filed an amended complaint alleging that Hoffman–LaRoche engaged in a civil conspiracy with Biocraft to provide inadequate product warnings. When Crenshaw refused to voluntarily dismiss the amended complaint, Hoffman–LaRoche moved for dismissal and attorney fees, arguing that the amended complaint

was frivolous. The court granted that motion and awarded $14,134.00 in fees. Crenshaw appealed the fee award, and the Indiana Court of Appeals reversed, holding that the complaint was legally sufficient because the facts had to be taken as true at that stage of the proceedings, and therefore it was improper to award attorneys' fees.

Crenshaw subsequently initiated the present litigation against the judge who granted the attorney fees, the attorneys and law firm who represented Hoffman–LaRoche in the Sanchez case, and Hoffman–LaRoche. The complaint included claims pursuant to §§ 1983 and 1985, as well as a state law abuse of process claim. The district court granted the defendants' motion for summary judgment on the federal claims, and dismissed without prejudice the state law claim.

▆▆▆▆ Crenshaw raises a number of challenges on appeal, none of which have merit. She raises no direct challenge to the legal reasoning underlying the summary judgment decision. Instead, she asserts that Judge Moody was biased, and that the bias was not apparent until the decision was issued granting summary judgment. Crenshaw never asserted any claim of bias below, but even assuming we can consider the claim on appeal, she has failed to raise any non-frivolous claim of bias on appeal. Her claim essentially is that Magistrate Springmann and Judge Lozano, who participated in prior proceedings in this case, were biased against her, and that their bias must have influenced Judge Moody. Although Judge Lozano granted Crenshaw's motion for his disqualification, he did so based on the appearance of bias rather than on any actual bias, and in any event there is no evidence that Judge Lozano communicated with Judge Moody regarding this case, or otherwise exercised any influence over Judge Moody's decision. Regarding Magistrate Springmann's alleged bias, Crenshaw again failed to raise any such claim in the district court, and has failed to supply any reason on appeal for this court to hold that she was in fact biased. Crenshaw also seeks to demonstrate bias on the part of Judge Moody by asserting that Judge Moody failed to rule in her favor on any issue in Crenshaw's extensive briefing. A decision adverse to a party—even one adverse on all of the issues raised—is not evidence of bias where that decision is supported by the law and facts, as is the case here. *See Gleason v. Welborn,* 42 F.3d 1107, 1112 (7th Cir.1994); *Byrne v. Nezhat,* 261 F.3d 1075, 1103 (11th Cir. 2001). There are no non-frivolous allegations of bias here.

▆▆▆ Crenshaw also challenges the summary judgment order by arguing that she should have been allowed to conduct further discovery. In order to prevail on this claim, Crenshaw must demonstrate that the additional discovery that she sought was likely to generate a genuine issue of material fact. *Woods v. City of Chicago,* 234 F.3d 979, 990–91 (7th Cir. 2000). Furthermore, a court's decision to consider a motion for summary judgment before allowing certain discovery is reviewed for abuse of discretion. *Id.* Crenshaw has failed to identify with specificity any relevant discovery which she was prevented from obtaining. Even considering her generalized allegations, she has failed to demonstrate that additional discovery is likely to generate a genuine issue of fact. Instead, she relies on bare assertions that further discovery could reveal bias on the part of the district court judges and a conspiracy in the state court and in the federal court as well. Those bare assertions, however, are insufficient where, as here, she has had ample time for discovery thus far, and has failed to obtain any evi-

**622**

dence of the alleged conspiracy. *Id.; see generally* Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, 10B Fed. Prac. & Proc. Civ.3d § 2741 (2001). The district court did not abuse its discretion in deciding the summary judgment motion without allowing further discovery.

The other issues raised by Crenshaw are unrelated to the summary judgment decision, or are not preserved for appeal. As they would not impact the summary judgment order that is before this court, they are not a basis for reversal.

AFFIRMED.