# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 04-2565

CREST HILL LAND DEVELOPMENT, LLC,

*Plaintiff-Appellee,*

v.

CITY OF JOLIET,

*Defendant-Appellant.*

———————

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 03 C 3343—**Samuel Der-Yeghiayan**, *Judge.*

———————

ARGUED NOVEMBER 29, 2004—DECIDED JANUARY 25, 2005

———————

Before KANNE, EVANS, and SYKES, *Circuit Judges.*

KANNE, *Circuit Judge.* Crest Hill Land Development, LLC ("Crest"), the owner of a proposed business park on Division Street, in Will County Illinois, filed a two-count complaint against the City of Joliet alleging that its "no truck" policy on that street constituted violations of federal and state law. In its answer, the City admitted that Division Street was a "locally designated highway," a designation that would allow truck access. Nearly six months later, after the close of discovery, the City moved to amend its answer with regard to the characterization of Division Street. The district court denied the City's motion to amend

and granted permanent injunctive relief by way of summary judgment for Crest. The City appeals. For the reasons stated herein, we affirm.

## I.  History

Crest bought approximately 248 acres of land in the community of Crest Hill, Illinois, with the intention of developing a business park on the property. Crest envisioned that a mix of light manufacturing facilities, distribution centers, and warehouses would be located in the business park. The ability for trucks to travel conveniently between the park and locations throughout North America, therefore, was important to Crest.

The vehicle entrance to the park is located on Division Street. Vehicles leaving the park are able to reach Interstate 55 in the shortest distance and amount of time by traveling one mile west on Division Street, which then feeds into Essington Road and intersects with Route 30. By traveling about a quarter of a mile northwest on Route 30, access is gained to Interstate 55. The one mile of Division Street that must be traversed is under the jurisdiction of the City of Joliet.

Under Illinois law, trucks are allowed access from a Class I or Class II highway onto a locally designated highway for distances up to five miles. 625 Ill. Comp. Stat. 5/15-102(e-1)(4). U.S. Route 30 is a Class II highway. *See* 625 Ill. Comp. Stat. 5/1-126.1(b). Interstate 55 is a Class I highway. 625 Ill. Comp. Stat. 5/1-126.1(a).

Crest claims that in October of 1999, before it purchased the land in Crest Hill, its representatives met with officials of the City of Joliet regarding truck traffic on Division Street. According to Crest, the parties agreed that truck traffic would be allowed to travel on Division Street from the business park to the main highways.

However, in April 2001, the Joliet City Council imposed a total prohibition of truck traffic on Division Street. Signs indicating "no trucks" were erected, and the Joliet police were ordered to monitor the street for truck traffic.

Crest filed its two-count complaint on May 20, 2003, alleging in Count I violations of the Surface Transportation Assistance Act, 49 U.S.C. § 31114, and in Count II violations of the Illinois Motor Vehicle Code, 625 Ill. Comp. Stat. 5/15-102. In paragraph 45 in Count II, Crest alleged that:

> U.S. Route 30 is a Class II highway and Division Street is a locally designated highway, and the distance between U.S. Route 30 and the Business Park's entrance on Division Street is approximately one mile.

The City's answer to this allegation in paragraph 45, filed on June 19, 2003, stated that:

> [d]efendant admits to the descriptions of U.S. Route 30 and Division Street.

On May 22, 2003, the district court entered a preliminary injunction enjoining the City from prohibiting truck traffic on Division Street. Pursuant to an expedited scheduling order, discovery closed on October 20, 2003. Affidavits from several city officials included descriptions of Division Street as a "minor arterial."

The City filed a motion for leave to amend its answer on December 9, 2003. The proposed amendment would have changed the City's answer to the description of Division Street in paragraph 45 of the complaint to:

> Defendant admits that U.S. Route 30 is a Class II state highway. The Defendant denies that Division Street is a 'locally designated highway.'

The City's motion was denied by the district court on January 22, 2004. On May 24, 2004, the court granted summary judgment on Count II awarding permanent injunctive relief for Crest. The City claims that the district court erred

in denying its motion for leave to amend its answer and in granting summary judgment for Crest.

## II.  Analysis

### A.  Motion to Amend Answer

We review a district court's denial of motion to amend an answer for abuse of discretion. *See Am. Nat'l Bank & Trust Co. of Chi. v. Reg'l Transp. Auth.*, 125 F.3d 420, 429 (7th Cir. 1997). Leave to amend a pleading is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Even so, leave to amend is not automatically granted, and may be properly denied at the district court's discretion for reasons including undue delay, the movant's bad faith, and undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). This court will overturn a district court's denial of a motion to amend only if the district court has abused its discretion by not providing a justifying reason for its decision. *J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991).

Here, the district court provided ample justification for denying the City's motion to amend its answer. The court acknowledged the delay and prejudice to Crest that would result if the City were permitted to amend its answer five months after its original answer and one month after discovery had closed. *Crest Hill Land Dev., LLC v. City of Joliet*, No. 03 C 3343, 2004 WL 1375385, at *7 (N.D. Ill. May 25, 2004). It reasonably found that the City was attempting amendment of its answer to "change [its] position in regards to paragraph 45 of the complaint in order to allow the City to pursue new arguments against Crest." *Id.* at *6-7.

The City disputes any prejudice to Crest from the amendment, contending that Crest's motion for summary judgment did not rely on the City's admission that Division Street is a "locally designated highway." But, if that were the case, the City's vigorous fight to amend its answer would be puz-

zling. The amendment would not, in fact, be inconsequential to Crest; Crest specifically cited the City's answer to paragraph 45 of the complaint in its response in opposition to the City's cross-motion for summary judgment, and Crest relied on the admission in conducting the written and oral discovery in support of its own summary judgment motion. "Surprises" such as new arguments or defense theories propagated after the completion of discovery and filing of summary judgment are wisely discouraged. *See Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1380 (7th Cir. 1990) (denying amendment of an answer to include new defenses after discovery and the filing of dispositive motions and stating that a district court may exercise its discretion to deny amendments to the pleadings in the interest of preventing an undue burden on the courts). The district court did not abuse its discretion in denying the City's motion to amend its answer, and the City's admission that Division Street is a locally designated highway stands.

### B. Summary Judgment

We review a district court's grant of summary judgment *de novo. See Patterson v. Chi. Assoc. for Retarded Citizens*, 150 F.3d 719, 723 (7th Cir. 1998). Summary judgment is appropriately granted when, viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

As we have referenced earlier, the Illinois Vehicle Code states that:

> A vehicle and load not exceeding 80,000 pounds in weight is allowed access from a Class I or Class II highway onto any State highway or any locally designated highway for a distance of 5 highway miles for the purpose of loading, unloading, food, fuel, repairs and rest.

625 Ill. Comp. Stat. 5/15-102(e-1)(4). It is undisputed that U.S. Route 30 is a Class II highway, and that the distance between it and the business park is less than five miles via Division Street. If Division Street is a locally designated highway, then, the City's truck prohibition violates the Illinois Vehicle Code, and Crest is entitled to judgment as a matter of law on Count II of the complaint.

The City's answer to paragraph 45 of the complaint, admitting that Division Street is a locally designated highway, constitutes a binding judicial admission. *See Keller v. United States*, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995). As such, it has the effect of withdrawing the question of whether Division Street is a locally designated highway from contention; for the purposes of summary judgment, it is. *See id.*

Even without the judicial admission, the record supports summary judgment for Crest. Depositions from the City's own City Manager and Public Works Administrator corroborate the fact that Division Street is a locally designated highway. Both deponents stated that the City has designated the street as a "minor arterial." This designation is also reflected on the City's Official Street Classification Map.

The City urges us not to equate "minor arterial" with "locally designated highway," asking us to read the statute as requiring local designation of a highway as a "truck route" in order for it to be a "locally designated highway." Nothing in the Illinois Vehicle Code supports this requirement. "Minor arterial" is a local designation—as a matter of fact, it is the same designation the City has given to Plainfield Road, the portion of U.S. Route 30 within its jurisdiction. The Illinois Vehicle Code defines "highway" as "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel or located on public school property." 625 Ill. Comp. Stat. 5/1-126. Thus, the record cannot support a finding that Division Street is any-

thing other than a locally designated highway.

In light of the City's binding judicial admission in its answer, and the admissions from relevant city officials, there is no issue of material fact regarding Division Street's characterization. The City's "no trucks" policy on Division Street violates the Illinois Vehicle Code as a matter of law, and summary judgment for Crest is proper.

## III. Conclusion

It was well within the discretion of the district court to deny the City of Joliet's motion to amend its answer. Granting the motion would have caused undue delay and hardship to the opposing party, and the court provided sufficient justification for its decision. Summary judgment for Crest on Count II was proper under the Illinois Vehicle Code. Thus, we AFFIRM the district court's denial of the City's motion to amend its answer; and we further AFFIRM the summary judgment for Crest granting permanent injunctive relief.

A true Copy:

  Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*