UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 15, 2006[*]
Decided November 16, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2046

| | |
|---|---|
| ZENA D. CRENSHAW, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Indiana, |
| | Hammond Division |
|     *v.* | |
| | No. 04 C 182 |
| JOAN ANTOKOL, ROBERT F. | |
| PARKER, REHANA ADAT, et al., | Philip P. Simon, |
|     *Defendants-Appellees.* | *Judge.* |

**O R D E R**

After finding herself on the losing end of two lawsuits, one in Indiana state court and one in federal court, and dissatisfied with the management of her mother's estate in Indiana probate court, attorney Zena Crenshaw filed an amended complaint claiming under 42 U.S.C. § 1983 that several of the litigants and attorneys involved in those matters conspired with participating judges to deprive her of fair use of the judicial system on account of her race. The district court dismissed the complaint on the grounds that it fails to comply with Fed. R. Civ. P. 8 and, in any event, does not state a claim for relief. We affirm.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R. App. P. 34(a)(2).

Nearly half of the allegations in the complaint stem from the "Sanchez litigation," a products liability action that Crenshaw brought in state court against Hoffman-LaRoche Inc. on behalf of a minor, Sylvia Sanchez. Crenshaw's complaint in the Sanchez case was dismissed, and that dismissal was affirmed by the state court of appeals. Not satisfied with this outcome, Crenshaw filed a complaint in federal court claiming under § 1983 that Hoffman-LaRoche and all of its lawyers conspired with the presiding trial judge and appellate judges to assure the demise of the Sanchez litigation. The district court granted summary judgment for the defendants, and we affirmed. *Crenshaw v. Hodgson,* 24 Fed.App'x. 619 (7th Cir. 2001) (unpublished order). Now in her amended complaint, Crenshaw claims in part that all of the defendants in *Crenshaw v. Hodgson* conspired with their counsel and the presiding federal judge to receive a favorable decision at summary judgment. The amended complaint names all the defendants in *Crenshaw v. Hodgson* and their attorneys as defendants.

But there is more. The remaining allegations in Crenshaw's amended complaint stem from the management of her mother's estate in an Indiana probate court. Bank One was the personal representative of that estate. The Bank's attorneys and a former vice president executed a series of transactions that resulted in outcomes Crenshaw viewed as unfavorable. In her amended complaint she apparently claims that Bank One and its lawyers and vice president conspired with probate judges to deprive her of fair process. The amended complaint names Bank One, its lawyers, and the vice president as defendants.

Claiming that all of the judges in the Northern District of Indiana had been corrupted, Crenshaw initiated this action in November 2002, not in that district, but in the United States District Court for the District of Columbia. The defendants filed several motions to dismiss, but the case eventually was transferred to the Northern District of Indiana in September 2003, where Crenshaw filed her amended complaint in June 2004. All of the defendants moved to dismiss Crenshaw's amended complaint, arguing that it does not comply with Rule 8 or state a claim for relief. In October 2004 the district court conducted a hearing at which Crenshaw explained that her amended complaint pleads a claim under § 1983 and possibly under *Bivens v. Six Unnamed Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). At the hearing, Crenshaw requested leave to amend again, which the district court denied orally. The court took the motions to dismiss under advisement, and in March 2005 issued a written ruling that Crenshaw's amended complaint violates Rule 8. The court also held that the amended complaint fails to state a claim under § 1983. The court then dismissed the lawsuit.

On appeal Crenshaw argues that the district court abused its discretion in denying her leave to file a second amended complaint and dismissing her amended

complaint under Rule 8. She also challenges the district court's conclusion that her amended complaint states no colorable claim under § 1983. We need only address the denial of leave to amend and the propriety of dismissal under Rule 8.

We turn first to the denial of Crenshaw's request for leave to file a second amended complaint. The district court concluded that the defendants would have been unduly prejudiced by the filing of a third complaint in this case. As best we can tell, Crenshaw argues that because the district court took about seven months to rule on the defendants' motions to dismiss her amended complaint, the court could not possibly have been genuinely concerned with undue delay or prejudice. But the time lapse between the filing of the defendants' motions and the court's final judgment has no bearing whatsoever on the propriety of the district court's denial of her request. Rather, while leave to amend is to be "freely given when justice so requires," Fed. R. Civ. P. 15(a), "leave to amend is not automatically granted, and may be properly denied at the district court's discretion for reasons including undue delay, the movant's bad faith, and undue prejudice to the opposing party." *Crest Hill Land Dev., LLC, v. City of Joliet,* 396 F.3d 801, 804 (7th Cir. 2005). And in this instance we readily agree with the district court that letting Crenshaw file a third complaint would have unduly prejudiced the defendants. As the district court explained, this case was already pending for two years when Crenshaw sought leave to amend a second time. Moreover, the defendants had been forced to appear in Washington, DC, and file three rounds of motions to dismiss two unintelligible complaints.

We next consider whether the district court abused its discretion by dismissing Crenshaw's amended complaint with prejudice under Rule 8. The court deemed the complaint inadequate under that rule because it is difficult to tell what claims it raises, and it is replete with confusing language, redundancies, and irrelevant material. Crenshaw argues that the district court must have realized that she asserts only a § 1983 claim—and thus dismissal under Rule 8 was improper—because the allegations in the complaint (1) have been briefed through three rounds of multiple motions to dismiss, (2) were the subject of several district court opinions, and (3) were the subject of two petitions for writs of mandamus.

This argument misapprehends Rule 8, which seeks to ensure *from the inception of a lawsuit* that the litigants and the court are on notice as to the nature of the claims that the plaintiff is asserting. Although we have explained that a district court is "not authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter," *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001), "the dismissal of a complaint on the ground that it is unintelligible is unexceptionable." *Id.*; *see Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003). "Such a complaint fails to give the defendant the notice to which he is entitled." *Davis,* 269 F.3d at 820.

The district court did not abuse its discretion in dismissing Crenshaw's amended complaint. *See Simmons v. Abruzzo,* 49 F.3d 83, 87 (7th Cir. 1995). The amended complaint is 35 pages, has 135 numbered paragraphs, and even features seven endnotes. The district court understandably was skeptical of Crenshaw's insistence that her complaint would be readily seen to include a single count under § 1983 when, as the court noted, "there's no question that the amended complaint is replete with references to a racketeering conspiracy, to a racketeering enterprise, [and] to 18 U.S.C. § 1961, the racketeering statute." We, in fact, count 26 references to acts of the defendants allegedly violating the RICO statute. We agree with the district court that these references to RICO, as well as the abundance of confusing language and vexing references to other irrelevant material, obfuscate Crenshaw's amended complaint to the point that whatever claim was intended is unintelligible. And the fact that the district court was still understandably confused two years into the litigation only highlights how warranted the court was in dismissing under Rule 8. *See Garst,* 328 F.3d at 378 ("[T]he substantial subsidy of litigation . . . should be targeted on those litigants who take preliminary steps to assemble a comprehensible claim.").

It makes no difference, as Crenshaw seems to believe, that none of the defendants had moved for a more definite statement under Fed. R. Civ. P. 12(e) before the district court exercised its discretion to dismiss under Rule 8. We have explained that "dismissal followed by the filing of a new complaint . . . may actually be a better response than ordering the plaintiff to file a more definite statement of his claim, . . . which results in two documents, the complaint and the more definite statement, rather than one compliant document." *Davis,* 269 F.3d at 820. In that vein, Rule 12(e) is generally employed when more detail is required, *see Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003)*,* which certainly is not the case here.

Furthermore, the district court properly dismissed the complaint "with prejudice" rather than with "leave to re-plead." While we have explained that dismissal under Rule 8 with leave to re-plead is ordinarily the correct course, *see Loubser v. Thacker,* 440 F.3d 439, 443 (7th Cir. 2006), we have made clear that dismissal with prejudice is proper if "the plaintiff has demonstrated her inability to file a lucid complaint." *Id.* After examining Crenshaw's proposed second amended complaint, the district court concluded that "it does little if anything to rectify the Rule 8 deficiencies in her pleadings." After examining it ourselves, we agree.

Crenshaw is ordered to show cause within fourteen days why she should not be sanctioned for filing this frivolous appeal. *See* Fed. R. App. P. 38.

AFFIRMED.