**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 4, 2011

No. 11-10264
Summary Calendar

Lyle W. Cayce
Clerk

ZENA D. CRENSHAW-LOGAL,

Plaintiff - Appellant

v.

CITY OF ABILENE, TEXAS,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:10-CV-132

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Zena Crenshaw-Logal claims that her First Amendment rights were "chilled" when police searched a third party's computer during a criminal investigation of that third party. The district court dismissed for lack of standing. We affirm.

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 11-10264

I

In April 2010, nonparty Michayl Mellen was arrested in Abilene, Texas (the City), on charges of possessing child pornography. Mellen's computer allegedly was searched and seized by City police officers pursuant to a warrant.

Crenshaw-Logal at one time was an Indiana lawyer[1] and currently is a "volunteer administrator of multiple grassroots, nonprofit, non-governmental organizations." Crenshaw-Logal and Mellen "communicated and pursued social justice initiatives throughout most of this millennium" in the context of their mutual association with POPULAR, Inc., a "national legal reform advocate." Crenshaw-Logal "shared many thoughts and impressions with Mellen by written communications, some of which are reportedly among his electronic and paper files searched and/or seized by" the City. According to Crenshaw-Logal, her writings "reflect sensitive aspects of [her] advocacy, including lawful but controversial reforms [she is] contemplating and otherwise pursuing with fellow citizens and organizations for certain Taylor county, Texas residents."

Crenshaw-Logal, acting pro se, filed this § 1983 action for damages against the City in June 2010. She claims that the City is "chill[ing]" her First (and Fifth) Amendment rights because the City "theoretically" has "unfettered access" to the "work product material" on Mellen's computer.[2] She also alleges that the

---

[1] Crenshaw-Logal has been suspended from practicing law in the state of Indiana as well as the Seventh Circuit. *See Crenshaw v. Antokol*, 206 F. App'x 560, 565 (7th Cir. 2007).

[2] The complaint could be read as asserting claims under the federal Privacy Protection Act, 42 U.S.C. § 2000aa. Crenshaw-Logal has conceded, however, that "[a]t no point in my pleading do I directly or indirectly assert that the Privacy Protection Act (PPA) provides me a claim for relief." We also note that the complaint does not assert claims under the Fourth Amendment.

2

No. 11-10264

City did not "take care to assure" that its search of Mellen's computer was "conducted in a manner that minimizes unwarranted intrusions upon privacy," although she offers no factual basis for this allegation.

The district court dismissed Crenshaw-Logal's complaint with prejudice. The district court held that Crenshaw-Logal lacked constitutional standing because her injury, if any, was "far too remote." Alternatively, the district court held that Crenshaw-Logal failed to state a claim under § 1983 because she did not sufficiently identify an unlawful City custom or policy.

Crenshaw-Logal filed a Rule 60(b)(6) motion for relief from the district court's judgment. The motion essentially restated the allegations in the complaint. The district court denied the motion, and Crenshaw-Logal appealed.

II

We review de novo a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim under Rule 12(b)(6). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). We review for abuse of discretion a denial of a Rule 60(b)(6) motion. *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 210 (5th Cir. 2003).

When a motion to dismiss for lack of jurisdiction "is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161; *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209 (5th Cir. 2010). Moreover, when a complaint could be dismissed for both lack of jurisdiction and failure to state a claim, "the court should dismiss only on the jurisdictional ground under [Rule] 12(b)(1), without reaching the question of failure to state a claim under [Rule] 12(b)(6)." *Hitt v. City of Pasadena*, 561 F.2d

No. 11-10264

606, 608 (5th Cir. 1977). This practice prevents courts from issuing advisory opinions. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998). The practice also prevents courts without jurisdiction "from prematurely dismissing a case with prejudice." *Ramming*, 281 F.3d at 161.

### III

Article III standing is a jurisdictional prerequisite.[3] *Steel*, 523 U.S. at 101; *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989). At a minimum, Article III requires a plaintiff to show an "injury in fact" that is fairly traceable to the defendant's conduct and that is likely to be redressed by the requested relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). An

---

[3] Article III standing is not to be confused with what is often loosely referred to as Fourth Amendment standing. *Rakas v. Illinois*, 439 U.S. 128, 138-39 (1978). An individual may not claim the protection of the Fourth Amendment unless she has a reasonable expectation of privacy in the place searched. *Id.* at 143. An individual is said to have "standing" under the Fourth Amendment if she has a reasonable expectation of privacy. *See United States v. Hernandez*, __F.3d__, 2011 WL 2750914, at *2 (5th Cir. 2011); *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010). Although Article III standing and Fourth Amendment standing may be "intertwined," Fourth Amendment standing ultimately is a matter of substantive law and not a jurisdictional prerequisite. *Rakas*, 439 U.S. at 140; *see also United States v. Maestas*, 941 F.2d 273, 276 n.2 (5th Cir. 1991); *United States v. Ewing*, 638 F.3d 1226, 1230 (9th Cir. 2011); *United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2009); *United States v. Nechy*, 827 F.2d 1161, 1164-65 (7th Cir. 1987). The Supreme Court has recently cautioned courts to "proceed with care when considering the whole concept of privacy expectations in communications made on electronic equipment." *City of Ontario, Cal. v. Quon*, 130 S. Ct. 2619, 2629 (2010). Crenshaw-Logal's complaint does not invoke the Fourth Amendment, nor does Crenshaw-Logal contend that she has a reasonable expectation of privacy in communications sent to, received by, and stored on Mellen's computer. Accordingly, our decision need not and does not address Fourth Amendment standing.

injury in fact means injury that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (quotation marks omitted).

Crenshaw-Logal has failed to allege an injury in fact. In essence, Crenshaw-Logal alleges that her speech is being chilled because the City might use communications she sent to Mellen to her detriment at some point in the future. The Supreme Court rejected this theory of standing almost forty years ago. In *Laird v. Tatum*, the Supreme Court held that allegations of "subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." 408 U.S. 1, 13-14 (1972).[4] The "mere existence, without more, of a governmental investigative and data-gathering activity that is alleged to be broader in scope than is reasonably necessary for the accomplishment of a valid governmental purpose" is not sufficient to invoke the jurisdiction of the federal courts. *Id.* at 10. In other words, an injury in fact does not arise merely from an individual's knowledge that the government "was engaged in certain activities or from the individual's concomitant fear that, armed with the fruits of those activities, the agency might in the future take some other and additional action detrimental to that individual." *Id.* at 11.

Here, Crenshaw-Logal has alleged nothing more than subjective, self-imposed chill. She alleges that the City "reportedly" and "theoretically" has access to communications stored on Mellen's computer, but she does not allege that the City actually has done or is likely to do anything injurious to her with those communications. Nor does she even allege that the City has in fact read the communications. Crenshaw-Logal's unsupported speculation that the City

---

[4] *See also Morrison v. Bd. of Educ. of Boyd Cnty.*, 521 F.3d 602, 609-10 (6th Cir. 2008).

might use the communications to her detriment at some point in the future is a far cry from the imminent threat of particularized harm necessary to establish constitutional standing.

Although Crenshaw-Logal acknowledges that her injury is merely "theoretical[]," she suggests that "[d]iscovery may confirm and accordingly nudge this case 'across the line from conceivable to plausible.'" This argument puts the cart before the horse. Crenshaw-Logal does not get discovery until she pleads a plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

For the reasons stated, we find that the district court properly dismissed Crenshaw-Logal's complaint for lack of standing. We further find that the district court did not abuse its discretion in denying Crenshaw-Logal's Rule 60(b)(6) motion, which essentially restates the allegations in her complaint. Although a pro se litigant ordinarily is entitled to file an amended complaint before her claims are dismissed, Crenshaw-Logal never moved for leave to amend. Nor has she provided any indication in her complaint, her opposition to the City's motion to dismiss, or her Rule 60(b)(6) motion that she would be able to establish standing in an amended complaint. A district court does not abuse its discretion in denying leave to amend when, as here, amendment would be futile. *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003).

Although we affirm the district court's dismissal of Crenshaw-Logal's complaint for lack of jurisdiction, we modify the judgment. When a complaint is dismissed for lack of jurisdiction (including lack of standing), dismissal ordinarily should be without prejudice. *See, e.g.*, *In re Great Lakes*, 624 F.3d at 209; *Fleck & Assocs., Inc. v. Phoenix, City of, and Ariz. Mun. Corp.*, 471 F.3d 1100, 1106-07 (9th Cir. 2006); *Brereton v. Bountiful City Corp.*, 434 F. 3d 1213,

No. 11-10264

1216 (10th Cir. 2006); *cf.* FED. R. CIV. P. 41(b).  We do not see (and the district court did not identify) any special circumstances that warrant deviation from the general rule at this point.

## IV

For the reasons stated, the district court's judgment is AFFIRMED AS MODIFIED.